UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

HILDAURA QUIROS,

      Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

      Agency.

DOCKET NUMBER
AT-0831-18-0214-I-1

DATE: February 2, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hildaura Quiros, Miami, Florida, pro se.

Alison Pastor, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM), denying her application for a Civil Service Retirement System (CSRS) survivor annuity. On petition for review, the appellant reasserts that she is entitled to a CSRS survivor annuity because she was the decedent's common law wife, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decedent designated her as the beneficiary of his estate, and they had three children together, two of which were "underage." Petition for Review (PFR) File, Tab 1 at 4-6. She also argues, for the first time on review, that the decedent "sent in" a "*survivor benefit election change form*," in which he "chang[ed] the option of having [his former spouse] as his survivor beneficiary before his death" and that OPM discriminated against her in denying her a survivor annuity. *Id.* She further claims that she mailed the referenced change of election form, court order, and "documentation" supporting her status as the decedent's common law wife to the Board in support of her petition for review. PFR File, Tab 1 at 4-6, Tab 5 at 3.

¶2 Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶3 The appellant bears the burden of proving her entitlement to the survivor annuity that she seeks by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(ii). As the administrative judge assumed without finding that the decedent and the appellant were legally married, the relevant dispute is whether the administrative judge erred in finding that the decedent did not elect a survivor

annuity in the appellant's favor. Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 3-4. The appellant argues that the evidence she mailed to the Board with her petition for review proves that he made such an election. PFR File, Tab 1 at 4-6. However, the Board has no record of receiving the referenced mailing. On review, the Board has received the appellant's electronically filed petition for review and reply to the agency's response, neither of which contains the referenced documents. PFR File, Tabs 1, 5. The appellant contends that the tracking information she submits with her reply shows that the Board received the mailing. PFR File, Tab 5 at 3. We disagree. The tracking receipt merely reflects that a package was mailed from Panama City, Panama, to Washington, D.C.; it does not contain a delivery address, or any other recipient information showing the package was mailed to the Board. *Id.* at 4; *see Gaydon v. U.S. Postal Service*, 62 M.S.P.R. 198, 202-03 (1994) (finding that the appellant was not entitled to the rebuttable presumption that his petition for review was received by the Board because he failed to present specific, credible evidence that it was properly addressed to the Board with postage prepaid and placed in the U.S. Postal Service mail stream).

¶4      Moreover, the appellant failed to provide the purported evidence below, despite being notified of her burden and being afforded an opportunity to supplement the record before it closed. IAF, Tab 10. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not explained why she failed to submit the documentation before the close of the record, even though she asserts they were in her possession before the decedent's death. PFR File, Tab 1 at 4. Furthermore, although the appellant apparently was aware that the additional documents were not in the record, she did not attach them to her reply or file a motion for leave to supplement the record on review. PFR File, Tab 5 at 3; *see*

5 C.F.R. § 1201.114(a)(5), (k). We therefore find that the appellant has not acted with due diligence in attempting to provide this additional evidence. Accordingly, the appellant's arguments do not provide a basis for review.[2]

¶5     As for the appellant's discrimination claim, she raises it for the first time on review. PFR File, Tab 1 at 5. Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). We find that the appellant has not made that necessary showing and decline to consider this new allegation.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

_____

[2] In finding that the appellant was not entitled to a survivor annuity, the administrative judge relied on the definition of a widow under the Federal Employee Retirement System (FERS), 5 U.S.C. § 8441(2)(A), rather than the provision under CSRS, 5 U.S.C. § 8341(a)(1). ID at 3. The FERS and CSRS provisions are indistinguishable. *Compare* 5 U.S.C. § 8341(a), *with* 5 U.S.C. § 8441(2)(A). Nevertheless, whether the appellant qualifies as a widow is irrelevant in the absence of a valid election for a survivor annuity in her favor, as explained above. *See* 5 U.S.C. § 8341(b)(1). Thus, we find that the administrative judge's error in relying on provisions applicable to FERS was not prejudicial to the appellant's substantive rights and does not form a basis for reversing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984); *see also Larson v. Office of Personnel Management*, 93 M.S.P.R. 433, ¶¶ 6-7 (2003) (finding that an administrative judge's error in applying a CSRS legal standard, when the appellant was covered under FERS, did not form a basis for reversing the initial decision when the error did not affect the appellant's substantive rights).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            *Gina K. Grippando*
                                          _____
                                            Gina K. Grippando
                                            Clerk of the Board

WASHINGTON, D.C.